Case No. 24-50580

In the United States Court of Appeals

for the Fifth Circuit

Jesus Yanez,

Plaintiff - Appellant

v.

Dish Network, L.L.C., doing business as Dish Network;
Echosphere, L.L.C., doing business as Dish Network,

Defendants - Appellees

On Appeal from the United States District Court for
the Western District of Texas, El Paso Division

Appellant's Brief

Katie P. Klein
William D. Mount, Jr.
DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, TX 78501

Counsel for Appellant

## <u>Certificate of Interested Persons</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.     Jesus Yanez (Plaintiff-Appellant);

2.     Dish Network, L.L.C., doing business as Dish Network; (Defendant-Appellee);

3.     Echosphere, L.L.C., doing business as Dish Network (Defendant-Appellee);

4.     Dale & Klein, L.L.P. (Katie P. Klein and William D. Mount, Jr.), Attorneys for Jesus Yanez;

5.     Macarena Ortiz, Attorney for Jesus Yanez; and

6.     Hagan Noll & Boyle, L.L.C. (David M. Noll and Stephanie Waller), Attorneys for Dish Network, L.L.C., doing business as Dish Network and Echosphere, L.L.C., doing business as Dish Network.

*/s/ Katie P. Klein*
KATIE P. KLEIN

Attorney of Record for Appellant

## **Statement Regarding Oral Argument**

Appellant does not believe the issues and arguments presented herein are complex. Accordingly, Appellant does not believe oral argument is merited. If, however, the Court is inclined to entertain oral argument, Appellant requests an opportunity to participate.

## **Table of Contents**

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

Issues Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiii

> *First* Issue:
>
> The district court erred in granting DISH Network, L.L.C. and Ecosphere, L.L.C.'s Motion to Compel Arbitration.
>
> *Second* Issue:
>
> The district court abused its discretion in signing a Final Judgment and Dismissal that effectively dismissed the case with prejudice based upon its inherent power to manage its own affairs related to the parties' failure to file a Status Report. The case had been stayed pending arbitration and the arbitration evidentiary hearing had not yet occurred.
>
> *Third* Issue:
>
> The district court abused its discretion in denying Yanez's Motion to Alter or Amend Judgment pursuant to Rule 59(e).

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     Facts Relevant to the Issues and Procedural History. . . . . . . . . . . . . . . . . . 1

II.    Rulings Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

I.    The District Court Erred in Granting DISH Network, L.L.C. and . . . . . . . 14
       Ecosphere, L.L.C.'s Motion to Compel Arbitration.

       A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       B.    Magistrate Judge's Rulings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       C.    Federal Judge's Rulings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       D.    The Purported Arbitration Agreement Is Not Signed . . . . . . . . . . . 15
             by Yanez, Dish Network, L.L.C. and Echosphere, L.L.C.

       E.    The Alleged Arbitration Agreement Is Illusory . . . . . . . . . . . . . . . 23

       F.    The Alleged Arbitration Agreement is Void or. . . . . . . . . . . . . . . . 25
             Illegal and Should Not Be Enforced.

II.    The District Court Abused its Discretion in Entering its . . . . . . . . . . . . . 27
       Final Judgment and Dismissal.

       A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

       B.    Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

III.   The District Court Abused its Discretion in Denying Yanez's. . . . . . . . . . 30
       Motion to Alter or Amend the Judgment under Rule 59(e).

       A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

       B.    Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type-Style Requirements . . . . . . . . . . . . . . . . . . . 36

# Table of Authorities

## Cases

*Boudwin v. Graystone Ins. Co., Ltd.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
  756 F.2d 399 (5th Cir. 1985)

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
  345 F.3d 347 (5th Cir. 2003)

*Bryson v. United States*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29,32,34
  553 F.3d 402 (5th Cir. 2008)

*Burden v. Yates*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29,32
  644 F.2d 503 (5th Cir. 1981)

*Escalara v. JD Byrider Dfw-Texas, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
  No. 3:14-CV-817-N, 2014 WL 12588317 (N.D. Tex. June 16, 2014)

*Grigson v. Creative Artists Agency, L.L.C.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
  210 F.3d 524 (5th Cir. 2000)

*G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, . . . . . . . . . . . . . . . . . . . . . . . . 21
  458 S.W.3d 502 (Tex. 2015)

*Hi Tech Luxury Imps., LLC v. Morgan*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
  No. 03-19-00021-CV, 2019 WL 1908171 (Tex. App.–Austin
  Apr. 30, 2019, no pet.) (mem. op.)

*Huckaba v. Ref-Chem, L.P.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16,17
  892 F.3d 686 (5th Cir. 2018)

*In re Capco Energy, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  669 F.3d 274 (5th Cir. 2012)

*In re Halliburton*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
  80 S.W.3d 566 (Tex. 2002)

*In re Kellogg Brown & Root, Inc.*, ..................................... 20
  166 S.W.3d 732 (Tex. 2005)

*In re OCA, Inc.*, ...................................................... 25
  552 F.3d 413 (5th Cir. 2008)

*In re Weekley Homes, L.P.*, ........................................... 20
  180 S.W.3d 127 (Tex. 2005)

*In re 24R, Inc.*, ..................................................... 23
  324 S.W.3d 564 (Tex. 2010)

*J.M. Davidson, Inc. v. Webster*, ................................... 16,18
  128 S.W.3d 223, 227 (Tex. 2003)

*Klein v. Nabors Drilling USA, L.P.*, .................................. 16
  710 F.3d 234, 236 (5th Cir. 2013)

*Larson v. Scott*, .................................................... 27
  157 F.3d 1030 (5th Cir. 1998)

*Link v. Wabash Railroad*, ............................................ 27
  370 U.S. 626 (1962)

*Lizalde v. Vista Quality Markets*, ................................. 23,24
  746 F.3d 222 (5th Cir. 2014)

*Long v. Simmons*, ................................................. 29,30
  77 F.3d 878 (5th Cir. 1996)

*Longoria v. Hunter Express Ltd.*, .................................... 30
  932 F.3d 360 (5th Cir. 2019)

*Martinez v. Johnson*, ................................................ 27
  104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)

*Mendivil v. Zanios Foods, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
  357 S.W.3d 827 (Tex. App.–El Paso 2012, no. pet.)

*Miller v. Long-Bell Lumber Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
  222 S.W.2d 244 (Tex. 1949

*Nelson v. Watch House Intern., L.L.C.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,23,24
  815 F.3d 190 (5th Cir. 2016)

*Price v. Digital Equipment Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
  846 F.2d 1026 (5th Cir. 1988)

*Rasmusson v. LBC PetroUnited, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
  124 S.W.3d 283 (Tex. App.–Houston [14th Dist.] 2003, pet. denied)

*Rogers v. Kroger Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
  669 F.2d 317 (5th Cir. 1982)

*Rosenzweig v. Azurix Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
  332 F.3d 854 (5th Cir. 2003)

*Schiller v. Physicians Res. Grp., Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
  342 F.3d 563 (5th Cir. 2003)

*Simon v. United States*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
  891 F.2d 1154 (5th Cir. 1990)

*Smith v. Spizzirri*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,33,34
  601 U.S. 472 (2024)

*Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
  718 F.3d 448 (5th Cir. 2013)

*Trujillo v. Volt Mgmt. Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
  846 Fed.Appx. 233 (5th Cir. 2021)

*Williams v. Johnson*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
  182 F.3d 914 (5th Cir. 1999)

## **Statutes**

9 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

9 U.S.C. § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,13,33,34

28 U.S.C. § 636(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . XX

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

28 U.S.C. § 1332(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,15

42 U.S.C. § 2000e-5(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

42 U.S.C. § 2000e-5(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Age Discrimination in Employment Act . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,25,26

Texas Commission on Human Rights Act . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. Lab. Code Ann. ch. 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 26

Tex. Lab. Code Ann. § 21.254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. Lab. Code Ann. § 21.256 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. Lab. Code Ann. § 21.259 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Title VII of the Civil Rights Act of 1964 . . . . . . . . . . . . . . . . . . . . . . . . . 1,25,26

## **Rules**

Fed. R. Civ. P. 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 13,30,31,33

## Jurisdictional Statement

Subject matter jurisdiction is present under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Yanez and DISH Network, L.L.C. and Ecosphere, L.L.C. and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ROA.9.

There is subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, specifically Title VII of the Civil Rights Acts of 1964 and the Age Discrimination in Employment Act. ROA.9.

On March 7, 2024, the district court signed a Final Judgment and Dismissal. ROA.653. This is a final order and judgment that disposes of all parties' claims.

On April 4, 2024, Yanez filed his Motion to Alter or Amend Judgment pursuant to Rule 59(e).

On June 14, 2024, the district court signed an Order Denying Yanez's Motion to Alter or Amend Judgment pursuant to Rule 59(e). ROA.688.

On July 12, 2024, Yanez filed his Notice of Appeal. ROA.698.

The appeal is from a final order. ROA.653. This Court has jurisdiction over all final decisions of the district court pursuant to 28 U.S.C. § 1291.

## Issues Presented for Review

*First* Issue:

The district court erred in granting DISH Network, L.L.C. and Ecosphere, L.L.C.'s Motion to Compel Arbitration.

*Second* Issue:

The district court abused its discretion in signing a Final Judgment and Dismissal that effectively dismissed the case with prejudice based upon its inherent power to manage its own affairs related to the parties' failure to file a Status Report. The case had been stayed pending arbitration and the arbitration evidentiary hearing had not yet occurred.

*Third* Issue:

The district court abused its discretion in denying Yanez's Motion to Alter or Amend Judgment pursuant to Rule 59(e).

## Statement of the Case

**I.**     **Facts Relevant to the Issues and Procedural History.**

In May 2001, Yanez began his employment with EchoStar Communications Corporation as a customer service representative in El Paso, Texas. ROA.21. He would later become an employee of DISH Network, L.L.C. after EchoStar Communications Corporation reorganized and spun off certain assets and liabilities into EchoStar Corporation and changed its name to DISH Network Corporation. ROA.153, 163.

In or about August 2014, Yanez was promoted by DISH Network, L.L.C. to Senior Operations Manager (site leader in training). ROA.22. In 2018, Yanez was unlawfully terminated from his position in El Paso, Texas. ROA.207.

After his termination, Yanez filed a Charge of Discrimination with the Texas Workforce Civil Rights Division ("TWCRD") claiming that he had "been discriminated against in violation of Texas Labor Code, Chapter 21, ADEA, and Title VII because of my National Origin-Mexican, Age-45, and Retaliation." ROA.207.

After exhausting his administrative remedies and having received right to sue letters from TWCRD and the EEOC, Yanez brought this suit.

On September 15, 2020, Yanez, a Brownsville, Cameron County, Texas

resident who had worked for years for DISH Network, L.L.C. in Cameron County, Texas prior to his transfer to El Paso, Texas sued DISH Network, L.L.C. and Echosphere, L.L.C. in the 138th Judicial District Court of Cameron County, Texas. ROA.19. Yanez asserted that DISH Network, L.L.C. and Echosphere, L.L.C. discriminated against him based on age and nationality when his employment was terminated. ROA.24. Yanez, a Hispanic male over the age of 40, claimed that he was unfairly terminated and replaced by a white male under the age of 40. ROA.23, 24.

On October 29, 2020, DISH Network, L.L.C. and Echosphere, L.L.C. removed the case to the United States District Court for the Southern District of Texas, Brownsville Division. ROA.8.

On December 1, 2020, DISH Network, L.L.C. and Echosphere, L.L.C. filed their Motion to Compel Arbitration and Dismiss or in the Alternative, Stay the Action. ROA.58. They asserted that an Arbitration Agreement covered the issues raised in Yanez's pleadings. ROA.58. Yanez filed a Response opposing the Motion. ROA.134.

The Arbitration Agreement produced by DISH Network, L.L.C. and Ecophere, L.L.C. dated May 2001, is not signed by a representative of EchoStar Communications Corporation.ROA.75, 76. The signature on the Arbitration

Agreement does not match Yanez's signature on the Declaration that he has given in his case. ROA.76, 206. Yanez has no recollection of signing an Arbitration Agreement with EchoStar Communications Corporation in May 2001. ROA.205. There is nothing in the Arbitration Agreement that would prohibit it from being amended or rescinded at any time. ROA.75. At no time during his employment with DISH Network, L.L.C. did Yanez sign an Arbitration Agreement with DISH Network, L.L.C. ROA.205.

In their Motion to Compel Arbitration, DISH Network, L.L.C. and Ecosphere, L.L.C. claimed that Yanez continued his employment "after receiving notice of DISH's mandatory arbitration policy." ROA.65. Their claim is a work of fiction. DISH Network, L.L.C. and Ecosphere, L.L.C. provided no support in the record to support their claim other than a cite to an Arbitration Agreement. ROA.65. DISH Network, L.L.C. and Ecosphere, L.L.C. did not reference an Employment Handbook or Manual or any other document showing that DISH maintained a mandatory arbitration policy.

On March 4, 2021, the district court issued an Order which stated that "the Court must consider whether the Western District of Texas, El Paso Division, is a better venue for this case to be heard." ROA.552, 554. The district court ordered the parties to file briefing "outlining whether transfer to the Western District of

Texas, El Paso Division, is proper in this case." ROA.554.

On April 23, 2021, the Magistrate Judge issued his Order, deciding the issues of arbitration and venue. ROA.582. He stated: "[T]he Court will decide the issues of arbitration and venue are non-dispositive pretrial matters, pursuant to 28 U.S.C. § 636(b)(1)(A)." ROA.589. The rulings of the Magistrate Judge were: (1) "[t]he motion to compel arbitration is granted"; (2) "[t]he arbitration shall take place in El Paso, Texas"; (3) "[t]he case is stayed, pending arbitration"; (4) "[t]he motion to strike Defendants's [sic] evidence is denied"; (5) "[t]he motion to compel discovery is denied"; (6) [t]he motion for additional discovery is denied"; and (7) "[p]ursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Western District of Texas, El Paso Division." ROA.20.

Yanez timely filed objections to the April 23, 2021, Magistrate Judge's Order. ROA.602.

On June 2, 2021, the district court ruled on Yanez's objections. ROA.630. In its Order, the district court concluded that the Magistrate Judge's Order "contains no factual findings or conclusions of law that are clearly erroneous or contrary to law" and overruled Yanez's Objections to the Magistrate Judge's Order. ROA.630. The Order further stated: (1) Dish Network, L.L.C. and

4

Ecosphere, L.L.C.'s motion to compel arbitration and dismiss or in the alternative, stay the action is granted: (2) "[t]he case is stayed, pending arbitration" (3) "[t]he arbitration shall take place in El Paso, Texas"; (4) Dish Network, L.L.C. and Ecosphere, L.L.C.'s motion to stay discovery and other proceedings pending a ruling on their motion to compel arbitration is denied as moot; (5) Yanez's motion to strike Dish Network, L.L.C. and Ecosphere, L.L.C.'s evidence is denied; (6) Yanez's motion to permit discovery before the court rules on motion to compel arbitration and dismiss or, in the alternative, stay the action is denied; and (7) "pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Western District of Texas, El Paso Division." ROA.630.

The case was transferred to the United States District Court for the Western District of Texas, El Paso Division.

The June 2, 2021, Order nowhere stated that the parties had to periodically update the district court on the status of the arbitration proceeding. ROA.630. Despite the foregoing, on October 8, 2021, the district court issued an Order to Show Cause requiring the parties to provide a status of the case by November 3, 2021. ROA.636. The Order did not require the parties to provide periodic updates. ROA.636.

On November 3, 2021, a Joint Status Report was filed that stated that Yanez

"anticipates filing a demand for arbitration with the American Arbitration Association within the next fourteen (14) days." ROA.637.

On November 19, 2021, Yanez filed a Notice advising the district court that he had filed a "Demand for Arbitration with American Arbitration Association on November 17, 2021." ROA.639.

On August 24, 2022, the district court issued a Second Order to Show Cause requesting the parties file a "status of the above-captioned case" no later than August 31, 2022. ROA.641. The Order did not require the parties to provide periodic updates. ROA.641.

On August 31, 2022, the parties filed a Joint Status Report which stated that "[a]n evidentiary Hearing on the Merits is scheduled before Arbitrator Andrew M. Trusevich on January 24 - 27, 2023." ROA.642.

On June 2, 2023, the district court issued a Third Order to Show Cause that states "that the parties have not provided the court with an update and "it is **HEREBY ORDERED** the parties **SHOW CAUSE** for failure to comply with the reporting requirement as to the status of the above-captioned cause no later than **Friday, June 9, 2023.** The Order further stated: "**Failure to timely respond to this order, or failure to timely submit future status reports will result in the dismissal of this action for failure to prosecute.**" ROA.644.

On June 9, 2023, the parties filed a Joint Status Report which stated that the evidentiary hearing on the merits with AAA scheduled for January 24-27, 2023, was continued to May 1-5, 2023, by mutual agreement of the parties. ROA.645. The Report further stated that on April 5, 2023, AAA informed the parties that Arbitrator Andrew M. Trusevich had recused himself as Arbitrator and that AAA had appointed Joseph H. Gillespie as Arbitrator, but an objection had been raised to his appointment and briefing on the issue was ongoing. ROA.645.

On June 22, 2023, the district court issued an Order requiring Status Reports be filed every 90 days and chastising the parties for the "amorphous language" contained in the June 9, 2023, Status Report. ROA.647. This was the <u>first Order</u> requiring periodic Status Reports. ROA.647. The Order mentioned that "[f]or a stayed case, the parties *must* submit status updates to the court every ninety days", but never identified a source for this 90-day mandated time frame to file a Status Report. ROA.647.

On September 7, 2023, the parties filed a Joint Status Report, apprising the district court that Yanez's objections to Arbitrator Gillespie had been addressed and an evidentiary hearing on the merits with AAA was scheduled for January 30 - February 1, 2024, in El Paso, Texas . ROA.649.

On December 6, 2023, the parties filed a Joint Status Report, which stated

that the evidentiary hearing on the merits with AAA scheduled for January 30 -
February 1, 2024, in El Paso, Texas was continued due to scheduling conflicts to
October 15-17, 2024. ROA.651.

On March 7, 2024, the district court issued a Final Judgment and Dismissal.
ROA.653. The case was dismissed without prejudice, but essentially operated as a
dismissal with prejudice as limitations had run. ROA.654. All pending motions
were denied as moot. ROA.654. The Clerk of Court was instructed to close the
case. ROA.654. The reason given for entry of the Final Judgment and Dismissal
was the district court's inherent power to manage its own affairs based upon the
failure of the parties to file a Status Report on March 5, 2024. ROA.654.

On April 4, 2024, Yanez filed his Motion to Alter or Amend Judgment.
ROA.655. The Motion stated that the failure to file the Joint Status Report was
inadvertent and "nothing had changed as to the case's status since the filing of the
December 6, 2023, Joint Status Report. ROA.655. A sworn Declaration was
provided explaining the inadvertence. ROA.662. Yanez cited cases explaining that
the severe sanction of dismissal pursuant to a court's inherent authority should
only be used as a last resort when less drastic sanctions will not ensure compliance
with the court's orders and argued that the severe sanction is not appropriate here.
ROA.657, 658.

On April 25, 2024, Yanez filed a Reply requesting the case be reinstated
pending the decision in *Smith v. Spizzirri* that had been recently argued before the
Supreme Court of the United States on the issue of whether a case ordered to
arbitration should be stayed or dismissed. ROA.677.

On May 16, 2024, the Supreme Court issued its opinion in *Smith*.

On June 14, 2024, the district court entered an Order Denying Yanez's
Motion to Alter or Amend Judgment. ROA.688. Although acknowledging that the
Supreme Court held in *Smith* that § 3 of the FAA compels the court to stay the
proceedings, the district court insisted that it had a valid separate reason for
dismissing the case (the parties' failure to file a single status report on March 5,
2024). ROA.690, 694.

On July 12, 2024, Yanez timely filed his Notice of Appeal. ROA.698.

## II.    Rulings Presented for Review.

Yanez presents for review the Magistrate Judge's April 23, 2021, Order
granting Dish Network, L.L.C. and Echosphere, L.L.C.'s motion to compel
arbitration, granting Dish Network, L.L.C. and Echosphere, L.L.C.'s motion to
stay discovery and all other proceedings, denying Yanez's motion to strike Dish
Network, L.L.C. and Echosphere, L.L.C.'s evidence, denying Yanez's motion to
compel discovery, denying Yanez's motion for additional discovery, and

transferring the case to the United States District Court for the Western District of Texas, El Paso Division. ROA.582.

Yanez presents for review the United States District Judge's June 2, 2021, Order overruling Yanez's objections to the Magistrate Judge's April 23, 2021, Order. ROA.630.

Yanez presents for review the Order to Show Cause signed on October 8, 2021, that requested a Status Report by November 3, 2021. ROA.636.

Yanez presents for review the Second Order to Show Cause signed on August 24, 2022, that requested a Status Report by August 31, 2022. ROA.641.

Yanez presents for review the Third Order to Show Cause signed on June 2, 2023, that requested a Status Report by June 9, 2023. ROA.644.

Yanez presents for review the Order signed on June 22, 2023, that requested Status Reports every 90 days. ROA.647.

Yanez presents for review the Final Judgment and Dismissal signed on March 7, 2024, which effectively dismissed Yanez's suit with prejudice.

Yanez presents for review the Order Denying Yanez's Motion to Alter or Amend Judgment signed on June 14, 2024. ROA.688.

## Summary of the Argument

The district court erred in granting DISH Network, L.L.C. and Ecosphere,

L.L.C.'s Motion to Compel Arbitration. DISH Network, L.L.C. and Ecosphere, L.L.C. failed to establish that there was a valid arbitration agreement and that the dispute falls within the scope of that agreement. Neither DISH Network, L.L.C. nor Ecosphere, L.L.C. were identified in the Arbitration Agreement as parties to the agreement. The only purported signatory to the Arbitration Agreement was Yanez, but he had no recollection of having signed such a document seventeen years prior to his unlawful termination of employment. The signature on the Arbitration Agreement does not even match the signature on Yanez's Declaration given in this case. Yanez denied in his Declaration ever agreeing to arbitrate any claims against DISH Network, L.L.C. DISH Network, L.L.C.'s Employment Handbook required the company CEO to sign any special arrangement varying the terms of conditions of employment. No CEO signed the purported Arbitration Agreement.

The alleged Arbitration Agreement is illusory. It was not supported by consideration. It could be terminated any time by the company.

The alleged Arbitration Agreement is void or illegal because it allows a party who successfully compels arbitration and successfully stays an administrative action or judicial action to recover its reasonable attorney's fees and costs from the party filing the administrative action or judicial action in

derogation of the remedial discrimination statutes which allow attorney's fees and costs to the prevailing party.

The district court abused its discretion in signing its Final Judgment and Dismissal. The district court ordered on June 22, 2023, that Status Reports be filed every 90 days. The parties filed Joint Status Reports on September 7, 2023, and December 6, 2023, but neglected to file a Joint Status Report on March 5, 2024. On March 7, 2024, the district court signed its Final Judgment and Dismissal which operated as a dismissal with prejudice because limitations had run. Utilizing its inherent power to manage its own affairs, the district court signed the Final Judgment and Dismissal after the Status Report was not filed.

Dismissals with prejudice are considered an extreme sanction. A district court should employ such dismissals only where a litigant's acts or omissions are the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action with prejudice. This Court should conclude that the district court abused its discretion in dismissing the case because the record does not reflect purposeful delay or contumaciousness by Yanez and the district court failed to employ lessor sanctions before dismissing the action with prejudice.

The district court abused its discretion in denying Yanez's Motion to Alter

12

or Amend the Judgment under Rule 59(e). In his Motion to Alter or Amend the Judgment under Rule 59(e), Yanez argued that the dismissal was too harsh a penalty given the situation. The manifest error of law was the district court's failure to adhere to Fifth Circuit controlling authority which holds that a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the record reflects that the district court employed lessor sanctions before dismissing the action.

In his Motion to Alter or Amend the Judgment under Rule 59(e), Yanez asserted that a change in the controlling law was potentially imminent depending upon the Supreme Court of the United States's decision in *Smith v. Spizzirri* and the district court should reinstate the case pending the Supreme Court's decision. Prior to the district's ruling on Yanez's Motion to Alter or Amend Judgment under Rule 59(e), the Supreme Court issued its decision in *Smith* that when a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceedings. In a footnote in *Smith*, the Supreme Court said that a district court is not barred from dismissing the suit if there is a separate reason to dismiss. The district court had no valid separate reason to dismiss the case. The district court did not follow *Smith*. The district court misapplied a change in the law and the case should be reinstated.

## Argument

### I.     The District Court Erred in Granting DISH Network, L.L.C. and Ecosphere, L.L.C.'s Motion to Compel Arbitration.

#### A.     Standard of Review.

A district court's grant of a motion to compel arbitration is reviewed de novo. *Nelson v. Watch House Intern., L.L.C.*, 815 F.3d 190, 192 (5th Cir. 2016).

#### B.     Magistrate Judge's Rulings.

On April 23, 2021, U.S. Magistrate Judge Ronald G. Morgan issued an order in this cause wherein he: (1) granted Dish Network, L.L.C. and Echosphere, L.L.C.'s Motion to Compel Arbitration; (2) denied Yanez's Motion to Strike; (3) denied Yanez's Motion to Compel Discovery; (4) denied Yanez's Motion For Additional Discovery; (5) stayed the case pending arbitration; and (6) transferred the case to the Western District of Texas, El Paso Division, for any post-arbitration proceedings. ROA.582.

#### C.     Federal Judge's Rulings.

Yanez timely filed objections to the Magistrate Judge's Order. ROA.602.

On June 2, 2021, the district court concluded that the magistrate judge's Order "contains no factual findings or conclusions of law that are clearly erroneous or contrary to law" and overruled Yanez's Objections to the Magistrate

Judge's Order. The Order further stated: (1) Dish Network, L.L.C. and Ecosphere, L.L.C.'s motion to compel arbitration and dismiss or in the alternative, stay the action is granted: (2) "[t]he case is stayed, pending arbitration" (3) "[t]he arbitration shall take place in El Paso, Texas"; (4) Dish Network, L.L.C. and Ecosphere, L.L.C.'s motion to stay discovery and other proceedings pending a ruling on their motion to compel arbitration is denied as moot; (5) Yanez's motion to strike Dish Network, L.L.C. and Ecosphere, L.L.C.'s evidence is denied; (6) Yanez's motion to permit discovery before the court rules on motion to compel arbitration and dismiss or, in the alternative, stay the action is denied; and (7) [p]ursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Western District of Texas, El Paso Division." ROA.630.

### D.     The Purported Arbitration Agreement Is Not Signed by Yanez, Dish Network, L.L.C. and Echosphere, L.L.C.

Enforcement of an arbitration agreement involves two analytical steps: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). The first step is at issue in this case. Determining whether there is a valid arbitration agreement is a question of state contract law and is for the court. *Trujillo v. Volt Mgmt. Corp.*, 846 Fed.Appx. 233, 236 (5th Cir. 2021) (citing

*Huckaba*, 892 F.3d at 688). Texas has no presumption in favor of arbitration when determining whether a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Instead, the party moving to compel arbitration must show that the agreement meets all of the requisite contract elements. *Id.* at 228. In addition, because the validity of the agreement is a matter of contract, at this stage, the strong federal policy favoring arbitration does not apply. *Klein v. Nabors Drilling USA, L.P.*, 710 F.3d 234, 236 (5th Cir. 2013).

In Texas, for a contract to be binding, it requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *In re Capco Energy, Inc.*, 669 F.3d 274, 279-80 (5th Cir. 2012) (internal citations omitted). There is "no presumption in favor of arbitration when determining whether a valid arbitration agreement exists." *Webster*, 128 S.W.3d at 227. Instead, the party moving to compel arbitration must show that the agreement meets all of the requisite contract elements." *Id*. at 228.

Here, the third element of a meeting of the minds, fourth element of each parties consent to the terms, and fifth element of execution and delivery of the

contract with intent that it be mutual and binding are missing.[1] The Arbitration

Agreement states in relevant part:

> "In consideration of the Employee's employment by EchoStar (and/or any
> of its affiliates) as good and valuable consideration, the receipt and
> sufficiency of which are hereby acknowledged, ***the Employee and
> EchoStar agree that*** any claim, controversy and/or dispute between them,
> arising out of and/or in any way related to Employee's application for
> employment, employment and/or termination of employment, whenever and
> wherever brought, shall be resolved by arbitration.
> ...
>
> ***EchoStar agrees to*** pay all the arbitrator's and arbitration fees and
> expenses, except that EchoStar shall not be responsible for the Employee's
> legal fees and costs, unless awarded to the Employee by arbitration.
>
> ...
>
> **THE PARTIES ACKNOWLEDGE** THAT THIS AGREEMENT
> SHALL NOT ALTER THE AT-WILL NATURE OF THEIR
> EMPLOYMENT RELATIONSHIP."

ROA.75. This language is competent evidence that the parties intended to require

both parties' signatures as a condition precedent to enforcement of the agreement,

as the document refers to both parties agreeing to the terms of the contract. *See*

*Huckaba*, 892 F.3d 686 (interpreting enforceability of an arbitration agreement

under Texas law and stating that when an arbitration agreement "contains

language that the parties needed to sign the agreement to give it effect[,]" it must,

---

[1]As to the fifth element, whether a signature is required to bind a party is a question of the
parties' intent. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 454 (5th Cir. 2013).

therefore, be signed by the parties); *see also Hi Tech Luxury Imps., LLC v. Morgan*, No. 03-19-00021-CV, 2019 WL 1908171 (Tex. App.–Austin Apr. 30, 2019, no pet.) (mem. op.) (holding that the signatures of both parties were required for an arbitration agreement to be enforceable because the language in the agreement indicated that both parties were agreeing to arbitrate and give up their rights to a jury trial)[2]; *see also In re Halliburton*, 80 S.W.3d 566, 566 (Tex. 2002) (explaining that to enforce an arbitration provision, said provision must be enforceable under general contract principles).

Thus, even if Dish Network, L.L.C. and Echosphere, L.L.C. were to be considered parties to the Agreement–(which they are not)–the agreement is still not enforceable by Dish Network, L.L.C. and Echosphere, L.L.C., because the agreement does not meet all the elements of a valid contract under Texas law.

The burden was on Dish Network, L.L.C. and Echosphere, L.L.C. to prove the validity of the Arbitration Agreement. *Webster*, 128 S.W.3d at 227. They failed to satisfy their burden.

Dish Network, L.L.C. and Echosphere, L.L.C. argued that DISH Network,

---

[2] The alleged Arbitration Agreement states: "THE RIGHT TO A TRIAL, TO A TRIAL BY JURY, AND TO COMMON LAW CLAIMS FOR PUNITIVE AND/OR EXEMPLARY DAMAGES ARE OF VALUE AND ARE WAIVED PURSUANT TO THIS AGREEMENT." Dkt. No. 5-2, p.3.

L.L.C. is a party to the Arbitration Agreement characterizing DISH Network Corporation and EchoStar Communication's spin-off that led to the existence of two separate and distinct publicly-traded companies as a simple name change. ROA.66, 67. But, the evidence shows that there was not only a name change of the company but a reorganization, resulting in two separate legal entities–Dish Network Corporation and EchoStar Corporation.[3] This shows that EchoStar Communications Corporation did not just change its name to Dish Network Corporation, but rather shows that there was a reorganization and that Yanez's employer changed due to the reorganization. The reorganization of EchoStar Communications Corporation led to a change in Yanez's employer. Thus, Dish Network, L.L.C. and Echosphere, L.L.C. cannot enforce the purported Arbitration

---

[3]Dish Network Corporation's 2018 Annual Report states that from January 1, 2008, "Dish Network and EchoStar operate as separate publicly-traded companies and [that] neither entity has any ownership interest in the other." ROA.165.

Notes to Dish Network Corporation's 2018 Annual Report state: "Following the Spin-off, we [(Dish Network Corporation)] and EchoStar have operated as separate publicly-traded companies and neither entity has any ownership interest in the other." ROA.170.

("We [(Dish)] and EchoStar and certain of *their subsidiaries* [(meaning not EchoStar's subsidiaries and Dish Network Corporation's subsidiaries are distinct)] entered into certain agreements...") (Emphasis added). ROA.170.

EchoStar Corporation's 2018 Annual Report states: "EchoStar Corporation...is a holding company that was organized in October 2007 as a corporation under the laws of the State of Nevada and has operated as a separately traded public company from Dish Network Corporation ("DISH") since 2008." ROA.156.

Agreement.

Whether a non-signatory can compel arbitration pursuant to an arbitration clause questions the existence of a valid arbitration clause between specific parties. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). An obligation to arbitrate not only attaches to one who has personally signed the written arbitration agreement, but may also bind a non-signatory under principles of contract law and agency. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005). Generally, however, parties must sign arbitration agreements before being bound by them. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (noting that "arbitration is a matter of contract and cannot, in general, be required for a matter involving an arbitration agreement non-signatory"). Although "[a]rbitration agreements apply to non-signatories only in rare circumstances[,]" the question of "[w]ho is actually bound by an arbitration agreement is [ultimately]  a function of the intent of the parties, as expressed in the terms of the agreement." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 355, 358 (5th Cir. 2003).

The law is clear that a party seeking to compel arbitration must establish "the existence of a valid arbitration agreement *between the parties*" to the lawsuit. *In re Kellogg Brown*, 166 S.W.3d at 737 (emphasis added). Here, DISH Network,

L.L.C. and Echosphere, L.L.C. did not establish that the Arbitration Agreement was a valid arbitration agreement between them and Yanez. At most, DISH Network, L.L.C. and Echosphere, L.L.C. produced an Arbitration Agreement between Yanez[4] and EchoStar Communications Corporation, a third-party not involved in this lawsuit. ROA.75, 76. Hence, neither DISH Network, L.L.C. nor Ecosphere, L.L.C. can enforce such agreement because they are not parties to it. *See G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 524 (Tex. 2015) (holding that a non-party to an arbitration agreement cannot compel arbitration).

The competent evidence showed that DISH Network, L.L.C. and Ecosphere, L.L.C. are not parties to the Arbitration Agreement. The Arbitration Agreement produced does not mention DISH Network, L.L.C. or Ecosphere, L.L.C. as parties to it. ROA.75, 76. In fact, the Arbitration Agreement in no place mentions or references either DISH Network, L.L.C. or Ecosphere, L.L.C. at all. *Id*. This fact supports Yanez's position that there was not a valid, enforceable arbitration agreement between or among the parties to the lawsuit, along with the facts and evidence which follow:

(1) the annual reports showing that EchoStar Communications

---

[4]Yanez has no recollection of signing the Arbitration Agreement. ROA.205.

Corporation reorganized and spun off some of its operations in 2008 which resulted in two distinct and independent companies, DISH Network Corporation and Echostar Corporation[5];

(2) Yanez's Declaration that he did not sign or otherwise enter into an arbitration agreement with DISH Network, L.L.C. at that time or at anytime thereafter[6];

(3) Yanez's Declaration that he never agreed to arbitrate any claims against DISH Network, L.L.C. or any employee of DISH Network, L.L.C.[7];

(4) DISH Network, L.L.C.'s Employment Handbook required that any special arrangement concerning terms or conditions of employment must be contained in a written agreement that is signed by the CEO and the employee and the Arbitration Agreement that DISH Network, L.L.C. seeks to enforce was not signed by the CEO of DISH Network L.L.C. or for that matter, any CEO[8];

(5) the signature on the Arbitration Agreement has not been identified as Yanez's signature; and

(6) no other arbitration agreement exists nor has been argued to exist.

DISH Network, L.L.C. and Ecosphere, L.L.C. failed to establish the

Arbitration Agreement involved interstate commerce. *See* 9 U.S.C. § 2.

---

[5]ROA.153, 163.

[6]ROA.205.

[7]ROA.205.

[8]ROA.75, 76, 171.

### E.    The Alleged Arbitration Agreement Is Illusory.

Under Texas law, agreements to arbitrate must be supported by consideration. *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014); *Nelson*, 815 F.3d at 193 (citing *Lizalde*, 746 F.3d at 225). If a "purported bilateral contract is supported only by illusory promises, there is no contract." *Lizalde*, 746 F.3d at 225 (quoting *Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827, 832 (Tex. App.–El Paso 2012, no. pet.)). An arbitration agreement is illusory "[w]here one party has the unrestrained unilateral authority to terminate its obligation to arbitrate." *Lizalde*, 746 F.3d at 225. *See Nelson*, 815 F.3d at 193 (quoting *Lizalde*, 746 F.3d at 225); *see also In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) ("An arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether.").

The Arbitration Agreement is illusory because DISH Network, L.L.C.'s Non-Exempt Employee Guidelines[9] and DISH Network, L.L.C.'s Employee

---

[9]These guidelines can be modified at any time and clarification of these guidelines may be presented by management either in writing or verbally at managements' discretion. ROA.226.

The Acknowledgment of receipt and understanding of the DISH Network Employee Guidelines states: "I understand that these Guidelines represent only current policies and benefits, and that it does not create a contract of employment. DISH Network retains the right to change these guidelines, policies and benefits, as it deems advisable." ROA.252.

Handbook[10] allow DISH Network, L.L.C. to change its policies at any time. DISH

Network, L.L.C. claims that it had a "mandatory arbitration policy." ROA.65.

However, at any time DISH Network, L.L.C. could rescind or amend the

arbitration policy, according to its Guidelines and Employee Handbook. Further,

there is nothing in the Arbitration Agreement itself prohibiting the company from

amending or terminating the Agreement. There is no savings clause in the

document which could potentially cure the problem. *See Nelson*, 815 F.3d at

193-94 ("[R]etaining termination power does not make an agreement illusory so

long as that power (1) extends only to prospective claims, (2) applies equally to

both the employer's and employee's claims, and (3) so long as advanced notice to

the employee is required before termination is effective." *Id.* at 194 (quoting

*Lizalde*, 746 F.3d at 226)). Finally, the DISH Network, L.L.C. Employee

Handbook states that only the CEO can "modify at-will status or provide any

special arrangement concerning terms or conditions of employment" and "any

such modification must be contained in a written agreement that is signed by the

---

[10]"THE FOLLOWING HANDBOOK DATED AUGUST 2015, POLICIES, GUIDELINES AND STATEMENTS ARENOT OFFERED, INTENDED, PRINTED OR DISTRIBUTED SO AS TO CREATE A CONTRACT (EXPRESS OR IMPLIED) OF EMPLOYMENT, BARGAIN, AGREEMENT, BINDING COMMITMENT, COVENANT, OR PROMISE AND DO NOT CONFER ANY CONTRACTUAL RIGHT WHATSOEVER. THE COMPANY MAY REVISE OR RESCIND ALL OR ANY PART OF THESE POLICIES AT ANY TIME, IN ITS SOLE DISCRETION, AND WITH NO NOTICE TO EMPLOYEES." ROA.171.

CEO and the employee. ROA. 171. The Arbitration Agreement was not signed by

a CEO. ROA.75, 76.

### F. The Alleged Arbitration Agreement is Void or Illegal and Should Not Be Enforced.

Under Texas law, a contract is void for illegality if its terms require a party

to violate state or federal law. *In re OCA, Inc.*, 552 F.3d 413, 422 (5th Cir. 2008)

(citing *Miller v. Long-Bell Lumber Co.*, 222 S.W.2d 244, 246 (Tex. 1949)).

Here, the arbitration clause provides: "In the event either party hereto files a

judicial or administrative action asserting claims subject to this Agreement, and

the other party successfully stays such action and/or compels arbitration of the

claims made in such an action, the party filing the administrative action or judicial

action shall pay the other party's reasonable attorney's fees and costs incurred in

obtaining a stay and/or compelling arbitration." ROA.75. In contrast, the Texas

Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, and

Age Discrimination in Employment Act authorize the award of attorney's fees and

costs to a prevailing party. Tex. Lab. Code Ann. § 21.259; 42 U.S.C. § 2000e-5(k).

Because the above cited provision is an essential part of the Arbitration

Agreement, severance of the provision is inappropriate and the Arbitration

Agreement is void or illegal.

In its Order granting the motion to compel arbitration, the Magistrate Judge cites *Rasmusson* for the proposition that a party may seek recovery of attorney's fees related to compelling arbitration[11], but *Rasmusson* was fact specific; it was not a decision to be applied in all lawsuits wherein an attempt to enforce arbitration is made. *Rasmusson v. LBC PetroUnited, Inc.*, 124 S.W.3d 283, 287 (Tex. App.–Houston [14th Dist.] 2003, pet. denied); ROA.597.  In *Rasmusson*, the only claims made by the plaintiff were common law claims for fraud and breach of contract. *See Id.* at 284. Thus, the agreement therein allowing attorney's fees did not contravene any statutory scheme for attorney's fees. *Id.* Here, Yanez has asserted claims under statutes that specify how and when an award of attorney's fees may be made.[12] ROA24. The provision in the Arbitration Agreement providing for an award of attorney's fees differs from and contradicts the statutory schemes under which Yanez has sued. Thus, the Arbitration Agreement is void.

Likewise, *Escalera*, cited in the Order[13], concerns the unconscionability of an agreement to arbitrate, not whether the provision in the agreement therein

---

[11]ROA.597.

[12]Yanez's assertec claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and Chapter 21 of the Texas Labor Code.

[13]ROA.597.

violates discrimination statutes' scheme for awarding attorney's fees. *See Escalara v. JD Byrider Dfw-Texas, Inc.*, No. 3:14-CV-817-N, 2014 WL 12588317 (N.D. Tex. June 16, 2014).

## II.    The District Court Abused its Discretion in Entering its Final Judgment and Dismissal.

### A.    Standard of Review.

A district court has inherent power to dismiss *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Rule 41(b) of the Federal Rules of Civil Procedure allows a court to sua sponte dismiss an action for failure to prosecute or failure to comply with the federal rules or any court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the [C]ourt's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

A court of appeals reviews a dismissal pursuant to its inherent power to manage its own affairs for abuse of discretion. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997).

**B.     Discussion.**

The district court abused its discretion in entering its Final Judgment and Dismissal *sua sponte* based upon its inherent power to manage its own affairs.

On March 7, 2024, the district court entered its Final Judgment and Dismissal. ROA.653. The case was dismissed without prejudice. ROA.654. All pending motions were denied as moot. ROA.654. The Clerk of Court was instructed to close the case. ROA.654. The reason given for entry of the Final Judgment and Dismissal was the district court's inherent power to manage its own affairs based upon the failure of the parties to file a Joint Status Report on March 5, 2024. ROA.654.

On June 22, 2023, the district court issued an Order requiring Status Reports to be filed every 90 days. ROA.647. This was the first Order requiring periodic Status Reports. ROA.647, 692. The Order mentioned that "[f]or a stayed case, the parties *must* submit status updates to the court every ninety days." ROA.647.

The requirement of 90 day reports seems at odds with its April 23, 2021, Order which reads: "The case is stayed, pending arbitration." ROA.601.

The parties filed Joint Status Reports on September 7, 2023, and December 6, 2023, but neglected to file a Joint Status Report on March 5, 2024. ROA.649, 651, 654. The failure to file the Joint Status Report on March 5, 2024, was

28

inadvertent. ROA.662.

Although the district court dismissed his suit without prejudice, Yanez is effectively barred from refiling because of the statute of limitations. *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) ("A private civil action under Title VII must be brought within ninety days of a complainant's receipt of a right-to-sue letter from the EEOC."); 42 U.S.C. § 2000e-5(f)(1); Tex. Lab. Code Ann. § 21.254 (suit must be filed within sixty days of receiving notice of right to sue); Tex. Lab. Code Ann. § 21.256 (suit must be filed not later than the second anniversary of the date the administrative complaint relating to the action is filed). Thus, the dismissal operated as a dismissal with prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (stating that statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice).

A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lessor sanctions before dismissing the action. *Bryson v. United* States, 553 F.3d 402, 403 (5th Cir. 2008); *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981).

The record contains no indication that Yanez failed to comply with the court

order to secure a delay or out of contumaciousness.[14] ROA.649, 651, 660, 662.

Nor does the record reflect that the district court employed lesser sanctions before

dismissing the action. ROA.653. This Court should conclude that the district court

abused its discretion in dismissing the case. *See Long*, 77 F.3d at 880 (concluding

that the district court abused its discretion when the record contained no evidence

that Long failed to comply with the court order to secure a delay or out of

contumaciousness and the record does not reflect that the district court employed

lessor sanctions before dismissing the action); *Williams v. Johnson*, 182 F.3d 914

(5th Cir. 1999) ("It does not appear from the face of the record that Williams's

failure to pay the partial filing fee resulted from delay or contumacious conduct.");

*Boudwin*, 756 F.2d 399.

## III.    The District Court Abused its Discretion in Denying Yanez's Motion to Alter or Amend the Judgment under Rule 59(e).

### A.    Standard of Review.

A denial of a motion to alter or amend the judgment under Rule 59(e) is

reviewed for an abuse of discretion. *Longoria v. Hunter Express Ltd.*, 932 F.3d

360, 364 (5th Cir. 2019) (internal citation omitted)*; Schiller v. Physicians Res.*

*Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

---

[14]DISH Network, L.L.C. and Ecosphere, L.L.C. were not at all harmed by the failure to file the Status Report as they had a corresponding duty to file one also. ROA.647.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## B.    Discussion.

The district court abused its discretion in denying Yanez's Motion to Alter or Amend the Judgment under Rule 59(e).

On March 7, 2024, the district court entered its Final Judgment and Dismissal. ROA.653. Although the case was dismissed without prejudice, the dismissal operated as a dismissal with prejudice because limitations had run.

In his Motion to Alter or Amend the Judgment under Rule 59(e), Yanez argued that the dismissal was too harsh a penalty given the situation. ROA.655, 692. The parties filed Joint Status Reports on September 7, 2023, and December 6, 2023. ROA.649, 651. The parties neglected to file a Joint Status Report on March 5, 2024, and the district court dismissed the case on March 7, 2024. ROA.653. The failure to file the report on March 5, 2024, by Yanez's counsel was inadvertent. ROA.662. Nothing had changed in the status of the case between December 6,

31

2023, and March 7, 2024. ROA.655. There would have been nothing new to report. ROA.655.

The district court wrote that it was not a manifest error of law to dismiss the case because filing court mandated status reports was within Plaintiff's counsel's "reasonable control" and they were "on notice" that dismissal was a potential consequence for failure to file. ROA.693. The district court neglected to mention that Defendants' counsel had a corresponding duty to file a status report, did not file a timely report either, and Defendants were not harmed by the failure to file a report. ROA.647. Defendants were not penalized for the failure to file a timely status report, but were in fact rewarded for their conduct with a dismissal in their favor. ROA.653. Defendants had sought such relief years earlier which was denied when the district court stayed the case, pending arbitration. ROA.70, 601.

The manifest error of law was the district court's failure to adhere to Fifth Circuit controlling authority and apply such precedent correctly to the facts of this case, including the fact that the failure to file the report was inadvertent.

A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the record reflects that the district court employed lessor sanctions before dismissing the action. *Bryson*, 553 F.3d at 403 (5th Cir. 2008); *Burden*, 644 F.2d at 505;

*Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (citations omitted). The district court failed to apply the foregoing law to the case. If it had applied the law correctly, the case would not have been dismissed with prejudice.

Yanez argued that a change in the controlling law was potentially imminent depending upon the Supreme Court of the United States's decision in *Smith v. Spizzirri* and the district court should reinstate the case pending the Supreme Court's decision. ROA.677, 694. Prior to the district's ruling on Yanez's Motion to Alter or Amend Judgment under Rule 59(e), the Supreme Court issued its decision in *Smith* on May 16, 2024. *Smith v. Spizzirri*, 601 U.S. 472 (2024). In *Smith*, the Supreme Court held: "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration[15], § 3 of the FAA compels the court to stay the proceedings." *Id.* at 478. The Supreme Court stated that "staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. *Id.*

In its Order Denying Yanez's Motion to Alter or Amend Judgment under Rule 59(e), the district court stated that "*Smith* has, at the very least, made it clear that under the FAA a district court no longer has discretion to dismiss a case as opposed to staying it when there are arbitrable issues." ROA.694.

---

[15]Under Section 3 of the FAA, Yanez requested a stay pending arbitration. ROA.151.

The district court relied on a footnote in *Smith* which reads "[t]hat is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration" and language in the body of the Opinion that "[d]istrict courts can, of course, adopt practices to minimize any administrative burden caused by the stay that § 3 requires" to uphold dismissal. ROA.694, 695. The district court stated that a valid separate reason "exists when the court has docket management orders in place and the parties fail to adhere to the court's orders or fail to prosecute their case in arbitration" and *Smith* did not change the controlling law as to the Court's actions here." ROA.696, 697.

The district court did not dismiss the case for the parties' failure to prosecute their case in arbitration. ROA.653. The district dismissed the case for failure to file a single status report on March 5, 2024, ROA.653, 692. This is not a valid separate reason under *Smith*. *Smith* discussed lack of subject matter jurisdiction as being a valid reason. *See Smith*, 601 U.S. at 476, fn.2. *Smith* did not change the controlling law that a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the record reflects that the district court employed lessor sanctions before dismissing the action. *Bryson*, 553 F.3d at 403. The district

court incorrectly applied *Smith* and the case should be reinstated.

## Conclusion

**WHEREFORE, PREMISES CONSIDERED**, Appellant Jesus Yanez, D.C. respectfully requests that this Court reverse the June 14, 2024, Order Denying Yanez's Motion to Alter or Amend Judgment, March 7, 2024, Final Judgment and Dismissal, and the June 2, 2021, Order granting DISH Network, L.L.C. and Ecosphere, L.L.C.'s Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay the Action, and remand for further proceedings. Yanez requests such other and further relief which he may justly be entitled.

Respectfully submitted,

*/s/ Katie P. Klein*
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
DALE & KLEIN, L.L.P.
1100 E. Jasmine, Suite 202
McAllen, Texas 78501
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416
office@daleklein.com
Attorneys for Appellant Jesus Yanez

**Certificate of Service**

I certify that on December 2, 2024, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice of the filing to all counsel of record.

**Via Electronic Delivery**
David M. Noll/Stephanie A. Waller
Hagan Noll & Boyle, L.L.C.
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
david.noll@hnbllc.com
stephanie.waller@hnbllc.com

*/s/ Katie P. Klein*
KATIE PEARSON KLEIN

**Certificate of Compliance**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,818 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect in Times New Roman font size 14.

*/s/ Katie P. Klein*
KATIE PEARSON KLEIN

36